UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

INTERSCOPE RECORDS, a California general partnership; ATLANTIC RECORDING CORPORATION, a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; BMG MUSIC, a New York general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; and VIRGIN RECORDS AMERICA, INC., a California corporation,

Plaintiffs,

v.

JASNA SUDAR,

Defendant.

Case No.: CA 05-097L

**NOTICE OF ENTRY OF DEFAULT JUDGMENT**

TO DEFENDANT:

PLEASE TAKE NOTICE that, on May 19, 2005, the Court entered the default judgment, including a permanent injunction, against Defendant Jasna Sudar. A copy of the Default Judgment And Permanent Injunction is attached hereto as Exhibit A.



(10)

By: ______________________________

James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852
Phone (401) 667-7111
Fax (401) 667-7112

Attorney for INTERSCOPE RECORDS; ATLANTIC RECORDING CORP.; ARISTA RECORDS LLC; BMG MUSIC; SONY BMG MUSIC ENTERTAINMENT; WARNER BROS. RECORDS INC.; and VIRGIN RECORDS AMERICA, INC.

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 23rd day of May, 2005 I mailed a true and accurate copy of the within Notice of Entry of Default Judgment first class, postage prepaid to Ms. Jasna Sudar, 969 West Main Road, Apt. 6202, Middletown, RI 02842.

______________________________
James E. O'Neil, Esq.

# **EXHIBIT A**

# Default Judgment
# and
# Permanent Injunction

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| INTERSCOPE RECORDS, a California general partnership; ATLANTIC RECORDING CORPORATION, a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; BMG MUSIC, a New York general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; and VIRGIN RECORDS AMERICA, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JASNA SUDAR,<br><br>Defendant. | Case No.: CA 05-097L<br><br>Hon. Ronald R. Lagueux |

**[[redacted]] DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

Based upon Plaintiffs' Application For Default Judgment By The Court, and good cause appearing therefor, it is hereby Ordered and Adjudged that:

1. Defendant shall pay damages to Plaintiffs for infringement of Plaintiffs' copyrights in the sound recordings listed in Exhibit A to the Complaint, in the total principal sum of Seven Thousand and Five Hundred Dollars ($7,500.00).

2. Defendant shall pay Plaintiffs' costs of suit herein in the amount of Three Hundred and Ten Dollars ($310.00).

Attest to
True Copy
DAVID A. DIMARZIO
By Deputy Clerk

3. Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

- "Jungle Love," on album "Ice Cream Castle," by artist "The Time" (SR# 55-021);
- "Viva Forever," on album "Spiceworld," by artist "Spice Girls" (SR# 261-523);
- "Material Girl," on album "Like a Virgin," by artist "Madonna" (SR# 59-442);
- "Drug Ballad," on album "The Marshall Mathers LP," by artist "Eminem" (SR# 287-944);
- "How Many Licks?," on album "The Notorious K.I.M.," by artist "Lil' Kim" (SR# 286-624);
- "I'm With You," on album "Let Go," by artist "Avril Lavigne" (SR# 312-786);
- "Genie in a Bottle," on album "Christina Aguilera," by artist "Christina Aguilera" (SR# 274-004);
- "Bug A Boo," on album "The Writing's on the Wall," by artist "Destiny's Child" (SR# 268-936);
- "Say You'll Be There," on album "Spice," by artist "Spice Girls" (SR# 201-276);
- "Spanish Guitar," on album "The Heat," by artist "Toni Braxton" (SR# 287-194);

and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs)

("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

DATED: 5/19/05

By: Ronald R. Lagueux
Hon. Ronald R. Lagueux
United States District Judge